UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

WILLIAM B. JARRETT )
)
v. ) NO. 2:09-CV-166
) *Mattice/Lee*
SHERIFF ED GREYBEAL; )
MAJOR BRENDA DOWNES[1] )

### MEMORANDUM OPINION

Acting *pro se*, William B. Jarrett, a pretrial detainee at the Washington County Detention Center [WCDC], filed this civil rights action for monetary and injunctive relief pursuant to 42 U.S.C. § 1983, alleging that he was confined under unconstitutional conditions. The Court has before it the unopposed first motion for summary judgment submitted by the sole remaining defendant, Major Brenda Downes, Jail Administrator. (Doc. 9). After reviewing the record and the applicable law, the Court finds the motion to be well-founded and, therefore, will **GRANT** it.

### I. Summary Judgment

Fed. R. Civ. P. 56(c) provides that summary judgment will be rendered if there is no genuine issue as to any material fact and the moving party is entitled to

---

[1] Though plaintiff spelled defendant's last name as "Downs" in his pleading, the Court has used the spelling defendant herself used it in her filings.

judgment as a matter of law. The moving party is not required to support its motion with evidence disproving the non-moving party's claim, but need only show that "there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

## II. <u>Factual Allegations</u>

On Tuesday, July 7, 2009, someone in the pod [i.e., housing unit] where plaintiff was housed clogged the sewer lines with a jail-issued inmate shirt and blanket. When asked, plaintiff denied that those items belonged to him. Even so, about 3:35 p.m., he was ordered to go to booking and placed in a concrete cell, which had dead bugs on the floor, 24-hour illumination, no bunk, no water (which had been turned off), no sleeping mat (his request for one was refused), and a fetid odor emanating from the toilet. Plaintiff claims that he was held under those conditions for three days, without water to drink.

Plaintiff asserts that the lack of a sleeping mat exacerbated his longstanding back problems, causing him extreme pain in his back and leg. When he complained about his mistreatment, however, he was told that he was suspected of being the culprit in the sewer-stoppage incident and that he would remain in the cell until he confessed. On Friday afternoon, plaintiff falsely confessed to the misdeed because

he perceived that, unless he did so, he would remain in the drunk tank under the complained of conditions.

Defendant Downes moves for summary judgment, arguing the requirement that a prisoner exhaust administrative remedies applies to plaintiff's claims and calls for the dismissal of his case.

### III. Discussion

The Prisoner Litigation Reform Act, 42 U.S.C. § 1997e(a), provides that no action shall be brought with respect to prison conditions under 42 U.S.C. § 1983 by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. Thus, a prisoner is not permitted to bring a lawsuit with respect to jail conditions under 42 U.S.C. § 1983 until such administrative remedies as are available are exhausted. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory.") (Citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). "In a claim by a prisoner, failure to exhaust administrative remedies under the PLRA is an affirmative defense that must be established by the defendants." *Napier v. Laurel County, Ky.*, __ F.3d __, __, 2011 WL 420503, *5 (6th Cir. 2011) (citing *Jones v. Bock,* 549 U.S. 199, 204 (2007), and *Vandiver v. Corr. Med. Servs., Inc.,* 326 F. App'x 885, 888 (6th Cir. 2009)).

To satisfy her burden, defendant has submitted an affidavit and exhibits. (Doc. 9, Attachment 1, Affidavit of Major Brenda Downes and Exhibits 4-8 ). She avers that, during the relevant period (July 7-10, 2009), the WCDC had a grievance procedure which enabled a prisoner to bring his complaints to the jail authorities for resolution; that such a procedure is spelled out in a handbook, which is given each inmate who enters the facility; and that the grievance system functions as follows.

Prisoner complaints are handled in one of two ways, by requests or by grievances. The former system begins with an informal request and, if the matter is routine, the request may not be documented. (Downes' Aff. at 2). An inmate may make a formal request, and a formal request form will be issued, which must be completed according to instructions and returned to the pod officer or employee in contact with the inmate. (*Id*.). The officer will review the form and route it to the shift supervisor if it cannot be fulfilled. (*Ibid*.).

Inmate complaints may also be channeled through a multi-step grievance system. (*Id.* at 23). If the complaint is settled satisfactorily, a grievance form may not be issued. (*Id*.). If, however, the complaint is not satisfactorily resolved, a request form is issued. (*Ibid*.). If the problem which is the subject of the request form cannot be resolved, an inmate may ask for a grievance form. (*Ibid*.). If a grievance form is not issued to a prisoner who has requested such a form, that fact is recorded in a

ledger. (*Ibid*.). If an inmate is issued a grievance form and if the grievance is returned for processing, ultimately, it (the grievance form) will be filed in his record at the WCDC. (*Ibid*.). An inmate who is dissatisfied with the response to a grievance may pursue an appeal to the Detention Center Administrator. (*Ibid*.). Her response ends the appeal process. (*Id*. at 3)

Major Downes has attached as an exhibit to her affidavit a photocopy of the Washington County Sheriff's Office Detention Center Inmate Handbook. (*Id.*, Exh. 5). The Inmate Handbook contains a section entitled "Inmate Request and Grievance," which tracks Officer Downes' affidavit testimony regarding WCDC's grievance and requests procedures. She has also attached a copy of a statement showing that plaintiff received the inmate handbook on July 7, 2009. (*Id.*)

Officer Downes avers that she has checked plaintiff's file at the WCDC and that it contains no inmate request forms or grievance forms and responses. She also has checked the grievance ledger and has submitted photocopies of the pages in the book covering the dates of plaintiff's alleged mistreatment. (*Id.*, Exh. 4). Defendant's 2-page submission does not contain an entry indicating that plaintiff requested and was denied a grievance form by the WCDC staff.

"An inmate exhausts a claim by taking advantage of each step the prison holds out for resolving the claim internally and by following the critical procedural rules

of the prison's grievance process to permit prison officials to review and, if necessary, correct the grievance on the merits in the first instance." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010) (all internal quotation marks and citations omitted). This Court finds that defendant Downes has carried her burden of establishing that plaintiff had available to him a request/grievance system which would consider his complaints; that he failed to take advantage of it; and that he, thus, did not satisfy the requirements of § 1997e(a).

## IV. Conclusion

Since the plaintiff has not exhausted his available administrative remedies, the defendant's first motion for summary judgment will be granted and the complaint dismissed without prejudice, in keeping with the requirements of § 1997e(a).

A separate order will enter in accordance with this opinion

**ENTER**:

                                                         */s/Harry S. Mattice, Jr.*
                                                        HARRY S. MATTICE, JR.
                                         UNITED STATES DISTRICT JUDGE